# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COALITION FOR SPIRITUAL AND PUBLIC LEADERSHIP; FR. LARRY DOWLING; SR. JEREMEY MIDURA; FR. DENNIS BERRY; FR. DAN HARTNETT; and MICHAEL N. OKIŃCZYC-CRUZ | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.  25 C 14168 |
| v. | ) ) ) | Judge Robert W. Gettleman |
| KRISTI NOEM; TODD LYONS; MARCOS CHARLES; RUSSELL HOLT; RODNEY S. SCOTT; GREGORY BOVINO; PAMELA BONDI; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF JUSTICE; DONALD J. TRUMP | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION & ORDER**

Plaintiffs moved for a preliminary injunction (Doc. 8) against defendants, requesting

access to minister to migrants and detainees in the Immigration and Customs Enforcement

("ICE") facility in Broadview, Illinois ("Broadview").  Plaintiffs allege that defendants' denial of

their access to Broadview violates plaintiffs' rights under the Free Exercise Clause of the First

Amendment to the United States Constitution, the Religious Freedom Restoration Act of 1993

("RFRA"), 42 U.S.C. § 2000bb, et seq., and the Religious Land Use and Institutionalized

Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc, et seq.  For the reasons below, the court

grants plaintiffs' motion for a preliminary injunction (Doc. 8) in part.

### **A. Standing**

Because defendants raise the issue, the court briefly addresses standing.  Plaintiffs' theory of

1

standing in relation to its RFRA claim is straightforward.  Plaintiffs are asserting their own religious rights and the religious rights of detainees and migrants at Broadview.  Defendants do not dispute that plaintiffs have standing to assert their own rights.  Instead, defendants argue that "plaintiffs lack standing to assert the rights of the detainees."  Because the preliminary injunction here is based on plaintiffs' RFRA claims asserted on their own behalf, the court need not reach the third-party standing issues.

**B. Preliminary injunction**

To obtain a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).  Of these four factors, "[t]he two most important considerations are likelihood of success on the merits and irreparable harm."  Bevis v. City of Naperville, Illinois, 85 F.4th 1175, 1188 (7th Cir. 2023).  In establishing a likelihood of success on the merits, the plaintiff "need not demonstrate likelihood of success by a preponderance of the evidence," but must "nevertheless make a 'strong' showing that reveals how it proposes to prove its case."  Id.  In addition, a plaintiff seeking a preliminary injunction must show more than "a mere possibility of irreparable harm."  Id.

1.  Likelihood of success on the merits

The court finds that plaintiffs have shown a likelihood of success on the merits of their RFRA claim.  Under RFRA, the "Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability."  42 U.S.C. § 2000bb-1(a).  The statute provides a single exception that applies if the government demonstrates that the

application of the burden to the person: "(1) is in is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1(b); see also Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 430 (2006) (explaining that RFRA adopted a "strict scrutiny test").

The court finds that the government has substantially burdened plaintiffs' exercise of religion. Plaintiffs allege that the government has "denied [p]laintiffs the right to pray on the facility grounds after erecting a fence around the Broadview facility in September 2025." In addition, plaintiffs allege that the government has denied them "permission to enter the facility and minister to detainees, despite multiple attempts" and "ordered that no prayer is allowed on federal property on or in the Broadview facility." Defendants do not deny these allegations.

Plaintiffs argue that prayer and ministry to the migrants and detainees at Broadview is an important religious practice. Defendants concede that "ministering to vulnerable Catholic immigrants is part of [plaintiffs'] religious exercise," but argue that doing so at Broadview "is itself not essential to the practice."[1] RFRA requires a court to analyze if a government practice substantially burdens a person's exercise of religion, not whether the religious practice burdened is "essential." West v. Radtke, 48 F.4th 836, 845 (7th Cir. 2022) (holding that the assessment of whether a burden is substantial does not focus on "the centrality of the religious practice in question"). The Seventh Circuit has "identified three ways plaintiffs can prove that a law or regulation substantially burdens their religious practice." Soc'y of Divine Word v. United States

---

[1] Defendants also argue that the visitation restriction limitations are merely "temporary" and necessitated by the "launch of Operation Midway Blitz." But well after the launch of Operation Midway Blitz in September 2025, plaintiffs have consistently been denied access to Broadview. Most recently, on February 2, 2026, defendants denied plaintiffs' request for access on the grounds that "Broadview office is not a detention facility," and that "detainees spend very little time at the Broadview office." This latest rationale appears to be permanent. In any event, plaintiffs have been denied access to Broadview for over five months, which undermines defendants' position that the visitation restriction is temporary.

3

Citizenship & Immigr. Servs., 129 F.4th 437, 450 (7th Cir. 2025).  Plaintiff can show that the law or regulation, "(1) compelled them to perform acts undeniably at odds with fundamental tenets of their religious beliefs, (2) put substantial pressure on them to modify their behavior and to violate their beliefs, or (3) bears direct, primary, and fundamental responsibility for rendering a religious exercise effectively impracticable." Id. (cleaned up).  Here, defendants' denial of plaintiffs' access to Broadview satisfies at least the third category.  Defendants' bar on plaintiffs' visitation to Broadview is fundamentally responsible for rendering plaintiffs' religious practice of providing ministry to detainees and migrants effectively impracticable.

Because plaintiffs have shown that defendants have substantially burdened their exercise of religion, the burden shifts to defendants to show that the burden is in furtherance of a compelling governmental interest, and that it is the least restrictive means of furthering that compelling governmental interest.  Defendants offer no arguments on these RFRA exceptions.  Thus, at this preliminary stage, plaintiffs have made a "'strong' showing that reveals how [they] propose[ ] to prove [their] case" under RFRA.  Bevis, 85 F.4th at 1188.

2. Irreparable Harm

Plaintiffs argue that there is "irreparable injury to the Plaintiffs, whose lives are devoted to providing religious ministry and spiritual consolation to those who are most in need of it. Plaintiffs have lost their own religious freedom, by blanket denial of any opportunity to provide spiritual consolation."  Defendants do not make an argument on irreparable harm, maintaining that, "[b]ecause plaintiffs cannot establish that they are likely to succeed on the merits, the court need not address 'irreparable harm' and 'public interest.'"  The Supreme Court has held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably

4

constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373 (1976). Consequently, plaintiffs have shown that they are likely to suffer irreparable harm in the absence of preliminary relief.

3. Balance of Equities and Public Interest

The court agrees with plaintiffs that the balance of equities tips in plaintiffs' favor. The government makes no argument about the balance of equities. As plaintiffs note, Broadview allowed plaintiffs' religious visitation to Broadview for years before reversing course relatively recently. With reasonable notice and communication, addressing legitimate security and safety concerns, allowing plaintiffs to provide pastoral care to migrants and detainees does not pose any undue hardship on the government.

The court also agrees with plaintiffs that the injunction is in public interest. Allowing plaintiffs to provide pastoral care to migrants and detainees will improve the condition of those detained at Broadview. Again, the government makes no argument about public interest. Consequently, the court finds that the balance of equities tips in plaintiffs' favor, and that an injunction is in the public interest.

\*\*\*

Having determined that plaintiffs have satisfied the requirements to obtain a preliminary injunction, and taking into consideration the parties' arguments and representations in today's hearing, the court grants plaintiffs' motion in part and orders the following:

1. Defendants are directed to allow plaintiffs to access the Broadview facility on Ash Wednesday, February 18, 2026, to offer ashes and Communion for those who desire it.

5

2.  The parties are directed to meet and confer to establish an appropriate protocol for the purposes of safety and security with regard to the Ash Wednesday services.

3.  Based on the parties' representations during today's proceedings, the court directs them to meet and confer with regard to plaintiffs' religious ministry at the Broadview facility after Ash Wednesday, including: (1) personal interactions between plaintiffs and detainees; and (2) the ability of plaintiffs to engage in prayer outside of the Broadview facility and in view of the detainees.

4.  This matter is set for a status hearing on February 25, 2026, at 2:30 p.m.

**ENTER:**

Robert W. Gettleman
**Robert W. Gettleman**
**United States District Judge**

**DATE:  February 12, 2026**