**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MINNEAPOLIS AREA SYNOD OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA, MINNESOTA CONFERENCE OF THE UNITED CHURCH OF CHRIST, and FATHER CHRISTOPHER COLLINS, SJ,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as the Acting Executive Director for Immigration and Customs Enforcement's Enforcement and Removal Operations; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director for Immigration and Customs Enforcement's Enforcement and Removal Operations St. Paul Field Office; U.S. FEDERAL PROTECTIVE SERVICE; and FARON K. PARAMORE, in his official capacity as Director of the Federal Protective Service,

Defendants.

Case No. 26-cv-1576 (JWB/DTS)

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION**

---

Plaintiffs oppose Defendants' Motion for Extension of Time to Respond to Motion for Preliminary Injunction (Doc. No. 26). First, Defendants' unsupported assertion that the Plaintiffs' claims "may be largely moot" is false and unsubstantiated. Insofar as Defendants appear to invoke partial voluntary cessation of unlawful activity, this argument cannot be addressed by delaying briefing and the March 13, 2026 hearing set by the Court in this case. Plaintiffs would intend to respond to this argument comprehensively in a reply brief[1]. As noted in the Joint Status Report, even if Defendants are allegedly willing to lift the complete categorical ban on pastoral care visits, they are not willing to agree to essential elements of the relief sought by Plaintiffs to ensure that the government does not infringe on Plaintiffs' First Amendment rights in the least restrictive means possible—which is the government's lawful obligation.

Second, the Court issued the scheduling order in this case on February 25, 2026—twelve days before Defendants' brief was due. In the scheduling order, the Court set out detailed information that Defendants were to include in their response brief. Plaintiffs' statutory and constitutional rights should not be harmed further and relief should not be delayed because of staffing decisions made by counsel for Defendants.

---

[1] Although Plaintiffs are entitled to address this argument comprehensively in their reply brief, Plaintiffs note that the doctrine of voluntary cessation of illegal activity establishes a "stringent" standard such that a case will become moot only if it is "'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). As the U.S. Supreme Court recently confirmed, this is a "formidable burden," *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 243, (2024), which Defendants are unable to overcome here.

Third, delaying resolution of Plaintiffs' preliminary injunction motion would only perpetuate the ongoing irreparable harm that Plaintiffs are experiencing. Defendants have already irrevocably denied Plaintiffs the ability to provide pastoral care and the imposition of ashes on Ash Wednesday. In addition, Defendants admit that they will continue to deny faith leaders the ability to provide pastoral care *under any context and any circumstance* if the pastoral care requires appropriate physical contact as part of the spiritual care or sacramental ministry, including but not limited to the giving of communion, laying on of hands, anointing of the sick, and providing a blessing. Defendants also are vaguely asserting that while they will lift the categorical ban, they will not allow faith leaders to exercise their constitutional rights under circumstances that would result in operational "interruption." Defendants have given no assurances that this exception to their newly articulated policy would not swallow the rule.

While Defendants claim that the new "policies and protocols for access to the Whipple" grant faith leaders the "main relief sought," this is an inaccurate mischaracterization of the relief sought by Plaintiffs, Plaintiffs' First Amendment rights, and Defendants' obligation to infringe on those rights in the least restrictive means possible.

For all of these reasons, Plaintiffs ardently oppose Defendant's motion.

Dated: March 7, 2026

Respectfully submitted,

*/s/ Erin Westbrook*
Erin Westbrook (MN #0393072)
Kaitlin Yira (MN #0403458)
**SAUL EWING LLP**
33 South 6th Street, Suite 4750
Minneapolis, MN 55402
612-225-2946
erin.westbrook@saul.com
kaitlin.yira@saul.com

Irina Vaynerman (MN #0396759)
Chelsea Walcker (MN #0396792)
**GROUNDWORK LEGAL**
1650 West End Blvd., Suite 100
St. Louis Park, MN 55416
(612) 208-9349
irina@groundworklegal.org
chelsea@groundworklegal.org

*Attorneys for Plaintiffs*