**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Minneapolis Area Synod of the Evangelical
Lutheran Church in America; Minnesota
Conference of the United Church of Christ; and
Father Christopher Collins, SJ,

Plaintiffs,

v.

U.S. Department of Homeland Security;
Kristi Noem, *in her official capacity as Secretary
of Homeland Security*; U.S. Immigration and
Customs Enforcement; Todd Lyons, *in his official
capacity as Acting Director of Immigration and
Customs Enforcement*; Marcos Charles, *in his
official capacity as the Acting Executive Director
for Immigration and Customs Enforcement and
Removal Operations*; David Easterwood, *in his
official capacity as Acting Field Office Director
for Immigration and Customs Enforcement's
Enforcement and Removal Operations St. Paul
Field Office*; U.S. Federal Protective Service;
and Faron K. Paramore, *in his official capacity as
Director of the Federal Protective Service*,

Defendants.

Civ. No. 26-1576 (JWB/DTS)

**ORDER**
**ON MOTION**
**FOR PRELIMINARY**
**INJUNCTION**

---

Erin E. Westbrook, Esq., Kaitlin Yira, Esq., and Katherine S. Barrett Wiik, Esq.,
Saul Ewing LLP; and Chelsea A. Walcker, Esq., and Irina Vaynerman, Esq.,
Groundwork Legal, counsel for Plaintiffs.

David W. Fuller, Esq., United States Attorney's Office, counsel for Defendants.

---

Based on the filings, submissions, and proceedings in this case, and for the reasons

stated on the record at the March 20, 2026 hearing (Doc. No. 56), **IT IS HEREBY**

**ORDERED** that Plaintiffs' Motion for Preliminary Injunction (Doc. No. 4) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.     Defendants must remove and may not impose an access protocol for the Whipple facility that bars clergy visits in all circumstances, without regard to whether visits could safely occur, for the duration of this litigation.

2.     Defendants must develop and implement a written protocol that establishes a workable process for clergy access to the Whipple facility. The protocol must provide clergy a reasonable opportunity to provide in-person pastoral care by including: (a) a clear method for requesting access; (b) a designated point of contact responsible for responding to such requests; and (c) reasonable procedures to facilitate coordination so that, where practicable, clergy and detainees can meet while detainees are present at the facility.

The protocol must also provide for responses to access requests within a reasonable time, taking into account the operational constraints of the facility. All access remains subject to reasonable, neutral, and generally applicable measures necessary to maintain safety, security, and orderly operations, including reasonable limits on timing, duration, supervision, and the number of visitors.

This Court does not require Defendants to permit physical contact or group ministry on the present record. Nor does this Order prescribe any particular method for scheduling, communication, or coordination. However, Defendants must implement reasonable procedures sufficient to make clergy access practicable in operation. An unfettered case-by-case approach, without articulated standards, guiding criteria, or any

publicly available process, is insufficient. Such an approach risks producing decisions that are inconsistent, unpredictable, and effectively unreviewable, and therefore does not provide a meaningful opportunity for religious exercise as required by RFRA.

3.    The parties shall continue to meet and confer in good faith on implementing an access protocol that is consistent with the terms of this ruling. By no later than **March 26, 2026**, the parties must conduct at least one additional conference, subject to the same attendance requirements as previously ordered. (*See* Doc. No. 18.)

4.    No later than **April 2, 2026**, the parties must file a joint status report that includes either a proposed access protocol or competing proposals, with each side identifying the specific points of disagreement and the reasons for them.

Date: March 20, 2026                        *s/ Jerry W. Blackwell*
                                            JERRY W. BLACKWELL
                                            United States District Judge

3