# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Minneapolis Area Synod of the Evangelical
Lutheran Church in America; Minnesota
Conference of the United Church of Christ; and
Father Christopher Collins, SJ,

       Plaintiffs,

v.

U.S. Department of Homeland Security;
Kristi Noem, *in her official capacity as Secretary
of Homeland Security*; U.S. Immigration and
Customs Enforcement; Todd Lyons, *in his official
capacity as Acting Director of Immigration and
Customs Enforcement*; Marcos Charles, *in his
official capacity as the Acting Executive Director
for Immigration and Customs Enforcement and
Removal Operations*; David Easterwood, *in his
official capacity as Acting Field Office Director
for Immigration and Customs Enforcement's
Enforcement and Removal Operations St. Paul
Field Office*; U.S. Federal Protective Service;
and Faron K. Paramore, *in his official capacity as
Director of the Federal Protective Service*,

       Defendants.

Civ. No. 26-1576 (JWB/DTS)

**ORDER
IMPLEMENTING
PRELIMINARY INJUNCTION
ON PASTORAL ACCESS**

---

This Court previously ordered that Defendants permit faith leaders (including clergy) to provide in-person pastoral care to detainees at the Bishop Henry Whipple Federal Building. (*See* Doc. No. 57.) The parties have submitted competing proposed protocols. (*See* Doc. Nos. 63, 64.) Those submissions confirm that the dispute is not over whether access must be allowed, but how it will be administered.

Defendants' proposal does not implement this Court's Order in a meaningful way.

It conditions access on vague and undefined terms such as "intake" and "processing," on detainee-initiated requests, and on generalized assertions of safety and operational concerns, all without identifying governing standards, limits, or decisionmakers.

Standardless discretion is not the least restrictive means RFRA requires.

That is the problem that brought this case here—the proverbial lump in the carpet. Defendants' new proposal has not removed it; it has simply moved it. Calling the same discretion a protocol does not make it one.

A system that leaves clergy access to unstructured and unreviewable judgment invites the same denials of access that prompted this case and cannot be reconciled with the relief already ordered. *See Gonzales v. O Centro Espírita Beneficente União do Vegetal*, 546 U.S. 418, 430–31 (2006) (recognizing that RFRA contemplates a more focused inquiry, not a categorical approach, and requires showing the compelling interest test is satisfied as to the particular claimant whose religious exercise is being burdened).

Nothing in this Order precludes Defendants from denying or delaying a visit where justified by a specific and articulable operational or security need. But any such limitation must comply with the requirements of this Order. This case concerns access for faith leaders to provide pastoral care, not the broader scope of detainees' religious rights.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that the following baseline requirements are set pending further order:

1. **Access as the Rule.**

Defendants must permit in-person pastoral visits by faith leaders (including

clergy) to detainees at the Whipple facility.

Access is the default. It may not be conditioned solely on a detainee's prior request. Access may not be denied based on a faith leader's title, role, or denominational status, including semantic distinctions of faith leaders as "pastors" versus "clergy". Defendants must ensure that detainees are made aware, in a reasonable and timely manner, that pastoral care is available, including when a faith leader is present at the facility.

**2.      Timing of Access.**

Access must be provided without unreasonable delay.

Defendants may defer access only for discrete, time-limited activities that require a detainee's uninterrupted physical presence, such as fingerprinting or a medical examination. General references to "intake," "processing," or "processing out" do not justify denial or indefinite delay.

When a faith leader seeks to provide pastoral care to a detainee who is present at the facility, Defendants must either provide access within a reasonable same-day period or identify a specific, time-limited reason why access cannot occur.

**3.      Permissible Limitations.**

Defendants may impose temporary limitations on access only where necessary to address a specific and articulable operational or security circumstance. Any such limitation must be narrowly tailored, limited in duration, and no broader than necessary to address the identified circumstance. Generalized or conclusory references to safety, security, or orderly operations are not sufficient.

**4.    Contemporaneous Justification and Documentation.**

If access is denied or delayed, Defendants must, at the time of the decision, identify a specific and articulable basis for the limitation tied to an identifiable circumstance.

That explanation must be sufficiently detailed and documented to permit review. Post hoc or generalized justifications do not satisfy this requirement.

**5.    No Categorical Exclusions.**

Defendants may not adopt categorical rules that effectively bar access, including limiting access to weekday business hours in a manner that precludes meaningful access, denying access during undefined "processing" periods, or requiring advance detainee requests as a condition of access. Reasonable scheduling limitations are permitted, but they may not operate to defeat access in practice.

**6.    Security and Entry Procedures.**

Defendants may apply reasonable, neutral, and generally applicable security screening and identification procedures. Such procedures must not be applied in a manner that unduly burdens or effectively denies access. If a security screening results in denied access, the basis for the denial must be specific and documented in accordance with the requirements set forth in Paragraph 4.

**7.    Implementation.**

By no later than April 23, 2026, the parties must submit either a joint proposal or competing proposals addressing only the operational details necessary to implement this Order (including scheduling, entry procedures, and mechanisms for providing notice and

documentation). Those submissions must be consistent with the requirements set forth above and may not relitigate the scope of access.

**8.      Compliance and Enforcement.**

If disputes arise regarding access, either party may promptly notify this Court in a filing that identifies the specific instance at issue, including the date, circumstances, and basis provided for any denial or delay.

All such disputes will be resolved on a concrete record. Failure to comply with this Order, or to provide the required contemporaneous justification for limiting access, may result in further relief as necessary to ensure effective implementation, including sanctions or contempt findings. A pattern of unsupported denials will not be treated as compliance.

Date: April 16, 2026                                              *s/ Jerry W. Blackwell*
                                                                          JERRY W. BLACKWELL
                                                                          United States District Judge