# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNEAPOLIS AREA SYNOD OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA, MINNESOTA CONFERENCE OF THE UNITED CHURCH OF CHRIST, and FATHER CHRISTOPHER COLLINS, SJ, | Case No. 26-cv-1576 (JWB/DTS) |

Plaintiffs,

v.

**PLAINTIFFS' AND DEFENDANTS' PROPOSED IMPLEMENTATION PROTOCOL**

U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; MARCOS CHARLES, in his official capacity as the Acting Executive Director for Immigration and Customs Enforcement's Enforcement and Removal Operations; DAVID EASTERWOOD, in his official capacity as Acting Field Office Director for Immigration and Customs Enforcement's Enforcement and Removal Operations St. Paul Field Office; U.S. FEDERAL PROTECTIVE SERVICE; and FARON K. PARAMORE, in his official capacity as Director of the Federal Protective Service,

Defendants.

### INTRODUCTION

Pursuant to the Court's April 27, 2026 Order (Dkt. 68), Plaintiffs and Defendants met and conferred on April 28 and May 1, 2026, regarding implementation of the Court's April 16, 2026 Order setting forth the baseline requirements for pastoral access to the Bishop Henry Whipple Federal Building (Dkt. 65). In accordance with the Court's April 27 Order, the conferences were substantive and directed toward producing an implementation protocol consistent with the Court's April 16 Order. (Dkt. 68 at 2.)

The parties reached agreement on certain operational provisions for the pendency of this case. Pursuant to the Court's April 27 Order, the parties jointly submit their proposed implementation provisions below, identifying (1) provisions on which the parties agree; (2) provisions that remain in dispute; and (3) explanations, with specificity, of how each proposed provision complies with the Court's April 16, 2026 Order.  Notwithstanding this court-ordered agreement, the parties reserve the right to advance their respective legal positions in the litigation.

**1.     Access as the Rule.**

**Joint Proposal**

Defendant U.S. Immigration and Customs Enforcement (ICE) shall permit in-person pastoral visits by faith leaders to all detainees at the Bishop Henry Whipple Federal Building ("Whipple") who wish to receive pastoral care, including spiritual care, prayer, or sacramental ministry of any kind, including rites tied to specific religious observances.

Access shall be the default and shall not be conditioned on a detainee's prior request. ICE shall not require advance requests from detainees and shall not deny access based on a faith leader's title, role, or denominational status, including distinctions between "pastors" and "clergy."

**Compliance with April 16 Order**

The parties' proposal complies with Paragraph 1 of the April 16 Order, which requires that "access is the default" and "may not be conditioned solely on a detainee's prior request." (Dkt. 65 at 2 ¶ 1.)

2.      **Timing of Access.**

**Joint Proposal**

Defendants may not adopt categorical rules that effectively bar or preclude meaningful access of faith leaders to provide pastoral care. Faith leaders will not have access to secured locations in Whipple, such as the hold rooms.

Access shall be provided without unreasonable delay upon a faith leader's arrival. Any delay in access will be documented with specificity, time-limited, and consistent with this protocol.

ICE shall allow faith leader visits seven (7) days per week by presenting themselves to ICE in Room #G700 and identifying themselves as faith leaders. In-person visitation shall be available Monday through Friday (8:00 a.m. – 4:30 p.m. CST), and on weekends (8:00 a.m. – 12:00 p.m. CST), which are the same as the current hours for weekend attorney visits as required by the March 26, 2026 Preliminary Injunction issued in *Advocates for Human Rights et al. v. DHS et al.*, 26-cv-749 (D. Minn.).

Defendants shall also provide a method for faith leaders to offer pastoral care outside of the above standard visitation hours. For these visits, Plaintiffs shall timely submit their access request by sending an email to the following email address: stpaul.outreach@ice.dhs.gov or calling the following ICE phone numbers: (612) 409-7799 or (612) 843-8723. ICE agrees that it shall respond to all requests within twelve (12) hours.

ICE shall maintain an emergency access protocol that allows: (a) detainees to request urgent pastoral care at any time; and (b) faith leaders to provide such care without undue delay. If the only available means of emergency pastoral care is by telephone, such calls shall be provided free of charge.

**Compliance with April 16 Order**

The joint proposal implements Paragraph 2 of the April 16 Order requiring that "access must be provided without unreasonable delay" and that Defendants provide either

3

same-day access or a specific, time-limited justification for delay. (Dkt. 65 at 3 ¶ 2.) This proposal ensures that access is provided consistent with the Order's prohibition on categorical barriers.

### 3.      Permissible Limitations.

**Joint Proposal**

Defendants may not restrict faith leaders' right to provide pastoral care except where strictly necessary to further a compelling governmental interest and only through the least restrictive means. Any limitation will be documented with specificity, limited in duration, and no broader than necessary based on articulable facts. Generalized or conclusory references to safety, security, or orderly operations are not sufficient.

Permissible temporal limitations include, but are not limited to the following:

(a) When a detainee is actively engaged in fingerprinting, a medical examination, or a similar, discrete, time-limited processing procedure requiring uninterrupted physical presence;

(b) Within twenty (20) minutes of a detainee's contemporaneously documented and imminent transfer. This exception may not be invoked absent an actual transfer and may not be used repeatedly to deny access;

(c) When a specific, articulable, and imminent risk to safety or security exists that cannot be mitigated through reasonable alternatives. Any such restriction must be:

(i)   authorized by the supervisory ICE officer on duty at Whipple at the time;

(ii)  specifically documented and no broader than necessary to address the identified risk; and

(iii) limited in duration and last no longer than necessary.

**Compliance with April 16 Order**

The proposal tracks Paragraph 3 of the April 16 Order requiring that any limitation be tied to "specific and articulable" circumstances and narrowly tailored. (Dkt. 65 at 3 ¶ 3.)

The parties further specify permissible categories consistent with the Court's examples and prohibit generalized operational labels that were expressly rejected.

### 4.      Contemporaneous Justification and Documentation.

**Joint Proposal**

If access is denied or delayed during the weekday and weekend hours set forth above, Defendants will, at the time of the decision, document with specificity the basis for the limitation and if so, the supervisory officer on duty or, if unavailable, the officer designated in charge will explain the reason for the denial or delay to the faith leader as well.

> **Denial of entry to the building.** If entry to the building is denied or delayed during normal business hours, Defendant Federal Protective Service (FPS) will document the reason for the denial on an FPS Form 3155 (Incident Report). If the denial occurs on a weekend or holiday during the times set forth above, ICE will document the reason for the denial on an appropriate ICE form.

> **Denial of offering pastoral care.** If pastoral care is denied or limited by ICE when the faith leader is in the building during the weekday and weekend hours set forth above, a supervisory ERO officer will log the denial or limitation.

ICE will document each discrete denial or delay of access by faith leaders to the Whipple building and/or denial or delay of access by faith leaders to provide pastoral care. Each documented event shall be completed contemporaneously with the denial or delay of access and include: (a) the identity of the decisionmaker; (b) the specific factual basis for the action; and (c) the duration if the access request is delayed as opposed to denied. Explanations may exclude law enforcement sensitive information, but will be sufficiently detailed and documented. ICE shall provide Plaintiffs' counsel with its documentation of these visits, including documentation of any denials or delays, within two (2) business days of Plaintiffs' counsel's request. Post hoc or generalized justifications do not satisfy this requirement.

**Compliance with April 16 Order**

This proposal implements Paragraph 4 of the April 16 Order requiring contemporaneous justification sufficient for review and requires sufficient information to

5

evaluate whether the delay or denial is justified, consistent with the Court's rejection of standardless discretion. (Dkt. 65 at 4 ¶ 4.)

## 5.    Notice to Detainees.

### **Joint Proposal**

Defendants shall provide notice of the Court-approved protocols to all individuals detained, even temporarily, at Whipple upon arrival, by posting such notice in all holding areas. At a minimum, notice shall be provided in English, Spanish, Hmong, and Somali. The notice shall state:

> "You have the right to receive pastoral care, spiritual care, ministry, and prayer from a faith leader if you would like to receive it. Please let an ICE officer know if you would like to receive pastoral care. If a faith leader is present, they can meet with you privately to provide pastoral care. The faith leader can provide pastoral care to anyone of any religious or faith background—you don't need to have the same religion as the faith leader. If you choose to meet with the faith leader, the government will not treat you differently or worse here at Whipple, or at any other holding or detention facility, and your meeting with the faith leader will have no impact on any current or future immigration proceeding. You have the right to freely exercise your religion, and it is illegal for the government to retaliate against you for doing so."

### **Compliance with April 16 Order**

This proposal implements Paragraph 1's requirement that detainees be made aware of available pastoral care in a reasonable and timely manner. (Dkt. 65 at 1-2 ¶ 1.) The proposal's timing requirement ensures awareness is contemporaneous with detention conditions and not conditioned solely on a detainee's prior request. (*Id.*)

**6.    Notice of Faith Leaders' Presence and Opportunity to Accept Pastoral Care.**

**<u>Joint Proposal</u>**

Upon the faith leaders' arrival, ICE shall escort the faith leaders into the visitation room, then announce that the faith leader is available to provide pastoral care.

If direct announcement is not feasible, ICE shall promptly provide notice, no more than fifteen (15) minutes after the faith leaders' arrival, to detainees then present at the Whipple, verbally in English, and in Spanish (if an ICE agent then present speaks Spanish), and distributed in writing in English, Spanish, Hmong, and Somali (at a minimum), using the following script:

> "You have the right to receive pastoral care, spiritual care, ministry, and prayer from a faith leader if you would like to receive it. Right now, there is a faith leader here who can offer you pastoral care if you wish to receive it. The faith leader does not work for and is not affiliated with the government. The faith leader's name is [TITLE NAME] of [AFFILIATION]. They can meet with you to provide pastoral care. The faith leader can provide pastoral care to anyone of any religious or faith background – you don't need to have the same religion as the faith leader. If you choose to meet with the faith leader, the government will not treat you differently or worse here at the Whipple, or at any other holding or detention facility, and your meeting with the faith leader will have no impact on any current or future immigration proceeding. You have the right to freely exercise your religion, and it is illegal for the government to retaliate against you for doing so."

Defendants shall not discourage or interfere with detainees' decisions regarding whether to accept pastoral care. If a detainee arrives after the announcement of the faith leader has already been made, and the faith leader remains present at Whipple, the newly arrived detainee will be given the above notice within fifteen (15) minutes of the detainee's arrival.

**Compliance with April 16 Order**

This proposal complies with Paragraph 1 of the April 16 Order by ensuring that detainees are made aware in a prompt and structured manner when faith leaders are present and available to provide pastoral care. (Dkt. 65 at 3 ¶ 1.) It operationalizes the Court's requirement for timely notice upon arrival of faith leaders and within a defined period for

newly arrived detainees, ensuring that awareness of available pastoral care is contemporaneous with access opportunities.

## 7.    Entry and Security Procedures.

**Joint Proposal**

To gain entry to Whipple during normal business hours, faith leaders will undergo the same security procedures at the main entrance required of all visitors. Faith leaders will then go to Room #G700 and present themselves to ICE. ICE shall allow individuals who identify themselves as faith leaders to enter the facility subject to reasonable, neutral, and uniformly applied security procedures. Such procedures shall be applied in a nondiscriminatory manner; not be more burdensome than those applied to comparable visitors; and not substantially burden religious exercise absent a compelling interest pursued through the least restrictive means. If a security screening results in denied access, the basis for the denial will be documented with specificity in accordance with the requirements set forth in Paragraph 4.

**Compliance with April 16 Order**

This proposal complies with Paragraph 3 of the April 16 Order by permitting neutral, uniformly applied security screening while expressly limiting such procedures so they are not applied in a manner that effectively burdens or denies access. (Dkt. 65 at 3 ¶ 3.) It further ensures compliance with Paragraph 4 by requiring that any denial of access be supported by a specific, contemporaneous factual justification subject to review. (Dkt. 65 at 4 ¶ 4.)

## 8.    Religious and Sacramental Items.

**Joint Proposal**

A faith leader may bring facility-approved religious and sacramental items into the facility for use during the faith leader's visit with detainees if such items comply with requirements under 6 C.F.R. § 139, or where an exemption has been granted by the Facility Security Committee (FSC) for the Whipple. Religious and sacramental items cannot be permanently transferred to a detainee's possession. If a religious or sacramental item would be viewed as a prohibited item under 6 C.F.R. § 139, the faith leader will need to request an exception

8

or exemption from the FSC. Information regarding the process for requesting an exception or exemption can be obtained from one of the Protective Security Officers (PSO) (contract security guards) at the screening station. If the government restricts a faith leader from bringing in a religious or sacramental item or from temporarily giving such an item to a detainee, that restriction will be documented in accordance with Paragraph 4.

**Compliance with April 16 Order**

This proposal complies with Paragraph 3 of the April 16 Order by permitting religious and sacramental items for pastoral care while ensuring that any restriction is subject to a specific, articulable justification consistent with RFRA's least restrictive means requirement and documented contemporaneously under Paragraph 4. (Dkt. 65 at 3 ¶ 3.) The proposal is limited to items used during in-person pastoral visits and does not expand the scope of relief beyond implementation of access.

**9.   Non-Retaliation and Non-Interference.**

<u>**Joint Proposal**</u>

Defendants shall not retaliate against or otherwise penalize any detainee, faith leader, or Plaintiff in any manner, for requesting, providing, or receiving pastoral care; participating in this litigation; or raising concerns about compliance. Defendants shall not interfere with or discourage the exercise of religious rights. ICE shall not transfer detainees for the purpose of interfering with access to pastoral care.

Faith leaders may offer pastoral care in a manner consistent with their religious traditions while fully respecting each detainee's autonomy. Faith leaders shall not coerce or pressure detainees to participate in religious activity and shall respect each individual's choice to accept, decline, or discontinue pastoral care.

**Compliance with April 16 Order**

This proposal complies with Paragraph 1 of the April 16 Order by ensuring that access to pastoral care is not undermined through indirect deterrence, interference, or retaliatory practices. (Dkt. 65 at 2-3 ¶ 1.) It operationalizes the requirement that access be

meaningful in practice by prohibiting actions, including transfers or penalties, that would functionally interfere with the exercise of access rights established by the Court's Order.

**10.    Training and Implementation.**

**Joint Proposal**

Within twelve (12) hours of the Court's approval of this protocol, Defendants shall disseminate the Court-approved protocol to all personnel at Whipple associated with entry procedures or hold room visitation and shall provide any necessary guidance and instruction to ensure implementation and compliance.

**Compliance with April 16 Order**

This proposal complies with the April 16 Order by ensuring prompt dissemination and training of personnel responsible for implementation at Whipple, thereby operationalizing the Court's requirement that access be provided in practice and without unreasonable delay. The proposed timeframe ensures that the Order's requirements under Paragraphs 1 through 4 are uniformly implemented across facility personnel to prevent inconsistent or discretionary application. (Dkt. 65 at 2-4 ¶¶ 1-4.)

Dated:  May 1, 2026

Respectfully submitted,

*/s/ Erin Westbrook*
Erin Westbrook (MN #0393072)
Kaitlin Yira (MN #0403458)
**SAUL EWING LLP**
33 South 6th Street, Suite 4750
Minneapolis, MN  55402
612-225-2946
erin.westbrook@saul.com
kaitlin.yira@saul.com

Irina Vaynerman (MN #0396759)
Chelsea Walcker (MN #0396792)
**GROUNDWORK LEGAL**
1650 West End Blvd., Suite 100
St. Louis Park, MN 55416
(612) 208-9349
irina@groundworklegal.org
chelsea@groundworklegal.org

*Attorneys for Plaintiffs*

Dated:  May 1, 2026

DANIEL N. ROSEN
United States Attorney

*/s/ David W. Fuller*
BY: DAVID W. FULLER
Assistant U.S. Attorney
Attorney ID Number 390922
600 U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415
(612) 664-5600
david.fuller@usdoj.gov

*Attorney for Defendants*