**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Minneapolis Area Synod of the Evangelical
Lutheran Church in America, et al.,

      Plaintiffs,

v.

U.S. Department of Homeland Security,
et al.,

      Defendants.

Case No. 26-cv-1576 (JWB/DTS)


**PRETRIAL SCHEDULING ORDER**

---

**SUMMARY OF IMPORTANT DATES:**

Initial Disclosures Deadline: **August 28, 2026**

Joinder and Amended Pleadings Deadline:     Join: **November 1, 2026**
                                                     Amend: **November 1, 2026**

Fact Discovery Completion Deadline: **January 19, 2027**

Expert Deadlines
      Disclosures: P – **February 25, 2027** D – **March 18, 2027**
      Rebuttal Reports: **April 1, 2027**
      Depositions: **May 13, 2027**

Non-Dispositive Motion Deadline to **Serve and File: January 19, 2027**

Non-Dispositive Motion re Expert Discovery Deadline: **May 13, 2027**

Dispositive Motion Deadline to **file, serve, schedule: July 22, 2027**

Trial Ready Date: **October 25, 2027**

**PRETRIAL SCHEDULING ORDER**

The following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

**INITIAL DISCLOSURES**

The parties must make their initial disclosures under Rule 26(a)(1) on or before **August 28, 2026**. If a description by category and location of the documents is offered pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the party will provide a copy of their initial disclosure documents by **August 28, 2026**.

**MOTIONS TO AMEND**

1.   Motions seeking to join other parties must be filed and served by **November 1, 2026**.

2.   Motions seeking to amend the pleadings must be filed and served by **November 1, 2026**.

**FACT DISCOVERY**

1.   Written Discovery

   A.   No more than a total of **25** interrogatories, counted in accordance with Rule 33(a), shall be served by either side.

   B.   **No limit** on document requests. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

   C.   **No limit** on requests for admissions.

2.   No more than **10** factual depositions, excluding expert witness depositions, shall be taken by each side.

3.   The parties must commence fact discovery procedures in time to be completed on or before **January 19, 2027**.

**EXPERT DISCOVERY**

1.   Each party may call no more than **2** expert(s) to testify.

2.   Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **February 25, 2027**.

2

The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **March 18, 2027**.

The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **April 1, 2027**.

Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **April 15, 2027**.

3.    All expert discovery, including expert depositions, must be completed by **May 13, 2027**.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery and agree upon the following:

The parties do not foresee that electronic discovery will be a significant issue in this case and have represented they will work together to resolve any disputes.

## NON-DISPOSITIVE MOTIONS

### A.    Dates

1.    All non-dispositive motions relating to *fact* discovery must be filed and served by **January 19, 2027**.

2.    All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by **May 13, 2027**.

### B.    Procedures for Discovery Disputes

The Court has both an informal and formal option for resolution of discovery disputes. The process utilized to resolve a particular dispute does not determine the process to be followed to resolve a subsequent dispute.

#### Informal Process

To invoke the informal process described herein, the parties must both agree to use it.

The parties schedule a telephonic hearing by calling the Courtroom Deputy to Magistrate Judge Schultz, at 612-664-5460. Once the moving party has secured a telephonic hearing date, it must promptly notify all parties of that date and time.

Each side shall submit to chambers at least **2 business days** in advance, a letter up to 5 pages in length (Times New Roman, 12-pt. font with 1 inch margins), outlining

their argument. **No exhibits will be accepted**. Judge Schultz will issue a decision at the time of the hearing and the parties agree that no appeal of the ruling will be taken.

### Formal Process

Discovery disputes will not be heard unless the parties have first met and conferred either in-person, telephonically, or by video and made a good-faith effort to settle their dispute, pursuant to revised Local Rule 7.1. **If the parties are unable to resolve the dispute after good-faith efforts, before filing a formal motion the party raising the unresolved issue must secure a pre-motion telephone conference date and time for both parties with Magistrate Judge Schultz.** If the pre-motion telephone conference fails to resolve the issue, the moving party may then file its motion.

If a discovery motion is related to written discovery or the contents of depositions, the parties must fill out a chart (attached) that describes each disputed discovery request and response; each party's position, and the moving party's last offered compromise. This chart must be in Word format and emailed at least three business days before the hearing to chambers at: Schultz_chambers@mnd.uscourts.gov. Failure to provide this chart to the Court as required by this scheduling order may result in the cancellation of the hearing.

### C.    Non-Discovery Non-Dispositive Motion Procedures

All non-dispositive motions must be scheduled for hearing by calling the Courtroom Deputy for Magistrate Judge Schultz, at 612-664-5460 prior to filing, except when all parties agree that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing, along with complete moving papers as required by Local Rule 7.1. A moving party may not call chambers to "hold" a motion date without filing complete moving papers as required by Local Rule 7.1 unless it receives prior permission from the Court.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

### DISPOSITIVE MOTIONS

All dispositive motions and supporting pleadings shall be scheduled, filed, and served, on or before **July 22, 2027**. All dispositive motions shall be scheduled, filed, and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1, unless otherwise stated below:

1.    The moving party shall first contact Judge Blackwell's Courtroom Deputy, at blackwell_chambers@mnd.uscourts.gov to secure a hearing date at least 49 days in the future.

2. The moving party shall serve and file the following documents **on the 49th day** before the scheduled hearing: (a) motion; (b) notice of hearing on motion; (c) memorandum of law, (d) affidavits and exhibits, and (e) meet and confer statement. Counsel shall email chambers at blackwell_chambers@mnd.uscourts.gov a proposed order in Word format.

3. The responding party shall serve and file the following documents <u>at least 21 days</u> before the hearing: (a) memorandum of law, and (b) affidavits and exhibits.

4. The moving party shall serve and file the following documents <u>at least 14 days</u> before the hearing: (1) reply memorandum, or (b) a notice stating that no reply memorandum with be filed. A reply memorandum shall not raise new grounds for relief or present matters that do not relate to the response.

5. When a motion, response, or reply brief is filed on ECF, one paper courtesy copy of the filing and all supporting documents shall be mailed or delivered to Judge Blackwell's Chambers, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, 55101, at the same time as the documents are posted on ECF.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

## PRIVILEGE/PROTECTION

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

## PROTECTIVE ORDER

The parties intend to enter into a protective order. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order. Local Rule 5.6 governs filing under seal. Any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

**JOINT MOTIONS REGARDING CONTINUED SEALING PURSUANT TO LR 5.6**

See separate order on Joint Sealing.

**TRIAL**

This case shall be ready for BENCH trial as of **October 25, 2027**.

**PRACTICE POINTERS AND PREFERENCES**

Please refer to Magistrate Judge David T. Schultz's Practice Pointers and Preferences which may be found on the Court's website.


Dated: August 14, 2026

          s/ David T. Schultz_____
DAVID T. SCHULTZ
United States Magistrate Judge

**Case Name and Number** _____

Several discovery responses have been identified as deficient in [the moving party's Motion to Compel (ECF No. _____)].  To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart.  The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer.  Please attach additional sheets as necessary.  At least three business days before the hearing, the fully completed chart shall be e-mailed to chambers at Schultz_chambers@mnd.uscourts.gov

| Discovery Request at Issue (state verbatim the request) | Moving Party's Position | Responding Party's Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court Notes |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Counsel for Moving Party:        _____

Counsel for Responding Party:   _____

Date:                           _____