**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Minneapolis Area Synod of the Evangelical Lutheran Church in America, et al.,

Plaintiffs,

v.

U.S. Department of Homeland Security, et al.,

Defendants.

Case No. 26-cv-1576 (JWB/DTS)

**PROTECTIVE ORDER**

---

The Federal Defendants filed an Unopposed Motion for a Protective Order Governing Discovery. Dkt. No. 94. After reviewing the motion, **IT IS HEREBY ORDERED:**

**1.** **Construction.** This Protective Order is intended to facilitate discovery while protecting only information that warrants protection under Fed. R. Civ. P. 26(c), and it must be construed and applied consistently with that purpose. Each producing party must make designations under this Protective Order in good faith, and must not designate documents indiscriminately, routinely, or to impose burden or delay or gain tactical advantage. When only part of a document qualifies for protection, the designating party must, whenever practicable, designate only that part of the document and, upon request, provide a copy of the document in which only the protected information is redacted.

**2.** **Definitions.** As used in this protective order:

(a) "Attorney" means an attorney who has appeared in this action;

(b) "Confidential Document" means a document designated and labeled as confidential under this Protective Order;

(c) To "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d) "Document" means information disclosed or produced in discovery, including at a deposition;

(e) "Notice" or "notify" means written notice;

(f) "Non-parties" shall mean all those other than the plaintiffs or the defendants.

(g) "Party" means a party to this action; and

(h) "Protected Document" means a document protected by a privilege or the work-product doctrine.

3. **Confidential Information.** The following categories of information qualify as "Confidential Information" subject to this Protective Order:

(a) information exempted from disclosure under the Privacy Act, 5 U.S.C. § 552a, *et seq.*, or covered by Federal Rule of Civil Procedure 5.2;

(b) any individual's birth date, social security number, tax identification number, alien registration number ("A number"), passport numbers, driver's license numbers, and any similar personally identifying numbers assigned to an individual by a federal, state, or local government of the United States or government entity of another country if not subject to privilege or other restrictions prohibiting disclosure;

(c) the names, telephone numbers, and electronic mail addresses of federal government employees, except that the names of senior federal government officials are not protected;

(d) information that is law enforcement sensitive, meaning information that would be exempt from public disclosure under Exemption 7 of the Freedom of Information Act, 5 U.S.C. § 552(b)(7), and is not subject to law enforcement privilege or other restrictions on disclosure;

(e) pre-decisional or deliberative inter-agency or intra-agency memoranda, policies, or letters that would not be available by law other than in litigation with Defendants. Final policies, directives, or guidance will be subject to any applicable legal privilege;

(f) other information that is required by statute or regulation to be kept confidential, or that is personal, intimate, or otherwise sensitive information regarding an individual (e.g., personal health or financial data; personal, private contact information; sensitive information regarding immigration status).

Information that is publicly available, or that a party obtained independently of discovery in this action, is not Confidential Information, even if it is also disclosed or produced in discovery.

**4. Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains Confidential Information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word “confidential subject to Protective Order.”

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to Confidential Information, a party or non-party may request that the witness’s deposition be taken in the presence of only those persons entitled to receive Confidential Documents.

**5. Who May Receive a Confidential Document.**

(a) A Confidential Document may be used only in this action.

(b) No person receiving a Confidential Document may reveal it, except to:

(1) the court and its staff;

(2) an attorney or an attorney’s partner, associate, or staff;

(3) a person shown on the face of the Confidential Document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a party;

(6) any person who:

(A) is retained to assist a party or attorney with this action; and

(B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Minneapolis Area Synod of the ELCA et al. v. U.S. Department of Homeland Security et al.*, 26-cv-1576-JWB-DTS in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any Confidential Document that I received, any copy of or excerpt from a Confidential Document, and any notes or other document that contains information from a Confidential Document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

(7) a witness at a deposition, or in preparation for testifying in this action, to whom disclosure is reasonably necessary, if the witness signs the declaration described in paragraph 5(b)(6)(B) and does not retain a copy of any Confidential Document.

(c) If a Confidential Document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

(d) Subject to all existing limitations on the disclosure of information by the United States (including but not limited to the Privacy Act, 5 U.S.C. § 552a *et seq.*), nothing in this Protective Order restricts the United States, its agencies, or its agents from using or disclosing Confidential Documents that Defendants produce in this action in accordance with or to enforce federal law. Nothing in this Protective Order restricts in any way the right of the

United States to provide Confidential Documents produced by Defendants to a Congressional entity; provided, however, that the United States will notify the Congressional entity requesting the documents that the disclosed information has been produced pursuant to this Protective Order.

6. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order and of Local Rule 5.6.

7. **Correcting an Error in Designation.** A party or non-party who discloses or produces a Confidential Document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

8. **Use of a Confidential Document in Court.**

(a) No prior judicial determination. Nothing in this Protective Order is a judicial determination that any document designated as confidential is entitled to protection under Fed. R. Civ. P. 26(c), LR 5.6, or otherwise, and the designation of a document under this Protective Order is not, by itself, a basis for filing or keeping it under seal.

(b) Filing. This Protective Order does not authorize the filing of any document under seal. A Confidential Document may be filed only in accordance with LR 5.6.

(c) Presentation at a hearing or trial. A party intending to present another party's or a non-party's Confidential Document at a hearing or trial must

promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**9. Changing a Confidential Document's Designation.**

(a) Document disclosed or produced by a party. A Confidential Document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A Confidential Document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. Within five business days of a request, the producing party or non-party must specify the basis for its designation. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

**10. Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

(1) return or destroy all Confidential Documents; and

(2) notify the disclosing or producing party or non-party that it has returned or destroyed all Confidential Documents within the 60-day period.

(b) Notwithstanding paragraph 10(a), each attorney may retain a copy of any Confidential Document submitted to the court.

**11. Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

(2) A party who discovers that it may have received an inadvertently disclosed or produced Protected Document must promptly notify the disclosing or producing party or non-party.

(b) Handling of Protected Document. A party who is notified or discovers that it may have received a Protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**12. Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any Confidential Document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

13. **Survival of Obligations.** The obligations imposed by this Protective Order survive the termination of this action.

Dated: October 19, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge